# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 5, 2013

Lyle W. Cayce
Clerk

No. 12-31125
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER JAMES COURVELLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:11-CR-199-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher James Courvelle pleaded guilty, pursuant to a conditional guilty plea, to failure to update his registration in violation of the Sex Offender Registration and Notification Act (SORNA or the Act), 18 U.S.C. § 2250, reserving his right to appeal the challenges to the SORNA made in his motion to dismiss his indictment. The district court sentenced Courvelle to 48 months of imprisonment and 10 years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31125

On appeal, Courvelle argues that (1) the SORNA does not apply to him because he was convicted of simple rape in 1998, years before the SORNA was enacted in 2006, and because the Attorney General's 2007 interim rule, making the SORNA apply retroactively to offenders convicted before 2006, was not validly promulgated; (2) the SMART guidelines promulgated by the Attorney General in 2008 could not have made the SORNA retroactively applicable to pre-Act offenders like himself; and (3) the finalized interim rule, which became effective in 2011 and made the SORNA retroactively applicable to pre-Act offenders, did not apply to him because it became effective months after he traveled and failed to register.

Courvelle's first claim is foreclosed by *United States v. Johnson*, 632 F.3d 912, 927-33 (5th Cir.), *cert. denied*, 132 S. Ct. 135 (2011), as the deficiencies in the interim rule promulgation procedures were harmless as to Courvelle for the same reasons they were harmless in *Johnson*. As the interim rule validly applied the SORNA to Courvelle, this court need not reach his second and third claims challenging the SMART guidelines and the 2011 final rule. Accordingly, the judgment of the district court is AFFIRMED.